### ISAAC SNEDIKER v. CHARLES QUICK.

In actions for unlawful detainers, and forcible entries and detainers, the justice is required to make an accurate record of the proceedings had before him touching the complaint, and among other things to enter upon his docket, the reasons that influenced his mind for admitting evidence objected to and rejecting evidence offered on the trial.

The doctrine of intendment and presumption, that what ought to be done, has been done, as applicable to tribunals and officers of general and common law jurisdiction, cannot and ought not to be extended to persons and tribunals, exercising a special, limited or mere statutory authority.

This was a certiorari removing into this court the proceedings and judgment in an action of unlawful detainer.

*W. Halsted,* moved to reverse the judgment, because the justice had not entered on his docket his reasons for rejecting evidence offered, and for receiving evidence objected to. Nor had the justice entered on his docket, a copy of the defendant's plea. Nor had he caused the complaint to be read to the jury, all of which, he contended, was required by the statute, *Rev. Laws* 349, and the docket of the justice must show it. This is not one of the cases, in which the law will presume that to be done, which ought to be done. A special authority only is given to the justice by the statute, and nothing will be intended or presumed. The correct rule in regard to special jurisdictions is laid down by Chief Justice Ewing, in 4 *Hals. Rep.* 20.

This judgment ought to be reversed, because the justice has not entered on his docket the return of the sheriff to the venire. He cited 8 *Hals. Rep.* 176. Nor does it appear, that the justice administered to the jury, the oath prescribed by the statute.

*Hamilton,* contra.

HORNBLOWER, C. J. The first, second, third and fourth reasons assigned for a reversal of the judgment and proceedings in this case, present substantially but one ground of objection; namely, that the justice has omitted to enter upon his docket, the reason why he rejected evidence offered by the plaintiff in certiorari and the reason why he admitted evidence, offered by the defendant in certiorari and objected to by the plaintiff. The sixteenth section of the act concerning forcible entries and detainers (*Rev. Laws* 349) enacts in express and unequivocal terms, that it shall be the duty of the justice, among other things,

to enter upon his minutes or docket, the names of the witnesses ; the admission of evidence objected to ; the rejection of evidence offered, and "the reason of such rejection or admission, and all the proceedings before him had, touching the said complaint."

Upon looking into the record, it appears that the plaintiff below offered parol evidence, to prove that the written agreement set forth in the defendant's plea, had been rescinded by the parties and a new agreement entered into that the defendant below objected to such evidence and the justice overruled the objection, and admitted the evidence. It further appears that the defendant below, by his counsel, offered in evidence certain papers, proved to be the proceedings of the Circuit Court in an action of replevin between the parties—that this evidence was objected to by the plaintiff below, and rejected by the justice—and lastly that the plaintiff offered to examine some of his witnesses to invalidate part of the evidence given by some of the defendant's witnesses, which was objected to by the defendant, but the objection was overruled, and the examination suffered to proceed. For these several decisions, however, the justice has assigned no reasons upon his docket.

It may not have been difficult for the justice to have given very sufficient and satisfactory reasons for his decisions, and the court is not called upon in this case to determine whether he was right or wrong in deciding as he did ; but whether his omitting to enter upon his docket, the reasons, whatever they were, that influenced his mind in making those decisions, is not a fatal objection. I am inclined to think it is. The statute is imperative, and I do not see how this court can dispense with its requirements. The proceedings in actions for unlawful detainers, and forcible entries and detainers, are of a serious and important character ; they involve a man's right to the occupation of the soil on which he lives, and the dwelling that covers and protects his family. The act of Assembly upon this subject, creates a summary jurisdiction for the trial of these matters, and places it in the hands of a very numerous class of magistrates. It was wise, therefore, to prescribe the justice's duty with great particularity, and require him to make an accurate record of all the proceedings to be had before him touching the complaint ; and among other things to

enter upon his docket, the reasons that influence his mind, for admitting evidence objected to, and rejecting evidence offered, on the trial. This comes in the place of a bill of exceptions, or state of the case, to enable the appellate jurisdiction the better to judge and determine upon the legality of the proceedings ; several other errors are assigned ; such as, that the justice has not entered on his docket a copy of the defendant's plea—that it does not appear by the record, that the justice caused the complaint to be read—that it does not appear, that the justice administered to the jury the oath prescribed by the act ; but only that he "swore the jury." Upon these points I give no opinion. But the directions of the statute seem to be plain and unambiguous, and to leave in the court no power to dispense with its requirements. The doctrine of intendment and presumption, that what ought to be done, has been done, as applicable to tribunals and officers of general and common law jurisdictions, cannot and ought not to be extended to persons and tribunals exercising a special, limited or mere statutory authority. *The State* v. *Scott,* 4 *Halst. Rep.* 17, 20 ; *Rex* v. *Liverpool,* 4 *Burr.* 2244 ; *Rex* v. *Croke, Cowp.* 25 ; *Prickett* v. *Pricket,* 7 *Halst.* 186.

Judgment reversed.

Ford, J. and Drake, J. concurred.

Cited in *Sauniere* v. *Wode,* 3 *Harr.* 296 ; *Townly* v. *Rutan, Spencer,* 607 ; *Houghton* v. *Potter,* 3 *Zab.* 340 ; *Graham* v. *Whittle,* 2 *Dutch.* 262.